UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| 1st TECHNOLOGY LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>BODOG ENTERTAINMENT GROUP S.A., a foreign entity; BODOG IP HOLDINGS LTD, a foreign entity; and GK WORLD LINK TELECOM S.A., a foreign entity,<br><br>    Defendants. | CASE NO. C08-0872-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's Motion to Compel Discovery Responses to Plaintiff's First Set of Discovery (Dkt. No. 43); the Response in opposition (Dkt. No. 45) by Defendants Data Entry and Domain Management S.A. ("DEDMSA") (formerly Bodog Entertainment Group, S.A., or "BEGSA"), Bodog IP Holdings Ltd. ("Bodog IP"), and GK Worldlink ("GK World"); and Plaintiff's Reply (Dkt. No. 47). The Court has carefully considered these papers and their supporting declarations and exhibits and has determined that oral argument is not necessary. The Court hereby DENIES the motion and finds and rules as follows.

**I.  BACKGROUND**

The Court has recounted the background facts of this dispute in its recent Order on Defendants' Motion to Dismiss (Dkt. No. 50) and will repeat them herein only as necessary to explain its decision.

ORDER – 1

Plaintiff served its First Set of Discovery Requests on Defendant BEGSA on September 25, 2008. (Mot. 3 (Dkt. No. 43).) On October 9, 2008, Plaintiff served Discovery Requests on the remaining defendants. (*Id.* at 3–4.) Defendants did not respond to the Discovery Requests because they were waiting for the Court to rule on the jurisdictional issues presented in their Motion to Dismiss, which noted for consideration on October 10, 2008. (Resp. 1–2 (Dkt. No. 45).) The Court ultimately denied that motion and found that Plaintiff had made a prima facie showing that personal jurisdiction exists over GK World and Bodog IP. (Feb 6, 2009 Order (Dkt. No. 50).)

Plaintiff initiated a Rule 37 conference by letter on November 5, 2008 (Dkt. No. 44-6 at 1) and conferred either in person or by telephone soon thereafter. (Mot. 4 (Dkt. No. 43).) When such conference failed to produce results, Plaintiff filed the instant motion. In it, Plaintiff seeks an order compelling Defendants to respond to Plaintiff's First Set of Discovery. (*Id.* at 1.) Plaintiff also asks that the Court consider the sanction of default. (*Id.* at 2.) At a minimum, Plaintiff argues, the Court should order that Defendants have forfeited any objections to the Discovery Requests, order that Defendants must respond to the Discovery Requests within a certain period of time, and require Defendants to pay Plaintiff its reasonable attorney's fees in bringing the motion to compel. (*Id.*)

## II. APPLICABLE STANDARD

"Litigants 'may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.'" *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (quoting FED. R. CIV. P. 26(b)(1)). If requested discovery is not answered, the requesting party may move for an order compelling such discovery. FED. R. CIV. P. 37(a)(1). "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997). The Federal Rules strongly encourage parties to resolve discovery disputes privately and discourage them from seeking needless court intervention. To this end, before a party may bring a motion for an order compelling discovery, that party must in good faith

ORDER – 2

1  confer or attempt to confer in an effort to obtain the discovery without court action. FED. R. CIV. P.

2  37(a)(1). Pursuant to the Local Rules, such good faith conference or attempt to confer must be in person

3  or telephonic. Local Rules W.D. Wash. CR 37(a)(1)(A).

Imposing sanctions for a party's dilatory conduct during discovery is entirely within the Court's discretion. *Bollow v. Fed. Reserve Bank of San Francisco*, 650 F.2d 1093, 1102 (9th Cir. 1981). However, if a Rule 37 motion to compel is granted, the Court must require the opposing party to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees, unless the nondisclosure was substantially justified or other circumstances make the award of expenses unjust. FED. R. CIV. P. 37(a)(5)(A).

### III. ANALYSIS

Defendants' opposition to the instant motion is grounded entirely on the argument that until the Court resolves the jurisdictional issues presented in Defendants' Motion to Dismiss, Defendants should not be required to respond to the Discovery Requests. (*See* Resp. 7 (Dkt. No. 45) ("Until such time as the Court rules on the pending Motion to Dismiss, Defendants should not be forced to respond to discovery on the merits.").) The Court has now ruled on the Motion to Dismiss. Therefore, the Court hereby ORDERS Defendants to respond to Plaintiff's First Set of Discovery. However, because the Court finds that the jurisdictional issues presented in the Motion to Dismiss were legitimate and relatively complicated, the Court also finds that Defendants' delay in responding to the Discovery Requests until the Court ruled on the Motion to Dismiss was substantially justified by their concerns about the appropriateness of participating in merits-based discovery before jurisdictional issues had been resolved. Accordingly, the Court declines to impose sanctions at the present time.

### IV. CONCLUSION

Based on the foregoing, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion to Compel Discovery Responses to Plaintiff's First Set of Discovery (Dkt. No. 43), as follows:

(1) The Court ORDERS that Defendants provide substantive written responses and

ORDER – 3

produce documents in response to Plaintiff's First Set of Discovery within ten (10) days of entry of this Order; and

(2) The Court declines to impose sanctions at this time.

SO ORDERED this 19th day of February, 2009.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER – 4